IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDENCIO MALDONADO,<br><br>    Petitioner,<br><br>v.<br><br>PARAMO, Warden,<br><br>    Respondent. | No. C 14-1920 JSW (PR)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; APPOINTING COUNSEL; REFERRING CASE TO FEDERAL PUBLIC DEFENDER; EXTENDING TIME; REOPENING CASE; INSTRUCTIONS TO CLERK**<br><br>(Dkt. 9) |

    Petitioner, a California prisoner proceeding pro se, filed a pro se petition for a writ of habeas corpus under 28 U.S.C § 2254. The case was dismissed because he did not pay the filing fee or file an application to proceed in forma pauperis, nor did he file a signed petition, by the deadlines.

    Another inmate, Carlos Brocatto, has filed a "motion to show cause" in which he explains that Petitioner's mental capacity is so low that he is incapable of preparing or understanding legal documents and the it was Mr. Brocatto who prepared Petitioner's federal habeas petition. Mr. Brocatto further explains that he was transferred to a different prison from Petitioner and therefore did not know that the Court had set deadlines for the filing fee and signed petition. Because Petitioner's alleged mental incapacity, Petitioner was not able to understand or respond to the deficiency notice and order without the assistance of Mr. Brocatto. According to the petition, Petitioner was

convicted pursuant to a guilty plea, and he claims that he was unable to understand the terms of the plea agreement, that he never received an examination of his mental capacity to enter a knowing and voluntary guilty plea, and that his trial counsel rendered ineffective assistance in advising him to enter a guilty plea under such circumstances.

In light of the foregoing allegations and claims, the Court construes the motion to show cause as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Construed as such, the motion is GRANTED because the petition raises cognizable claims for federal habeas relief, a colorable showing has been made that Petitioner is incapable of pursuing or even presenting such claims effectively in this Court without the assistance of counsel, and the interests of justice require that he be allowed more time to file a signed federal habeas petition and either pay the filing fee or file an application to proceed in forma pauperis. Accordingly, counsel is appointed to represent Petitioner in this case pursuant to 18 U.S.C. § 3006A, which provides for funds to pay appointed counsel. *See United States v. Salemo*, 81 F.3d 1453, 1459 & n.4 (9th Cir. 1996). Petitioner is referred to the Federal Public Defender's Office to represent Petitioner or to promptly select a qualified attorney to do so. **Within 28 days of the date this order is filed**, the Federal Public Defender or selected counsel shall file an appearance. **Within 28 days of the date counsel appears for Petitioner**, he or she shall file a federal habeas petition signed by Petitioner and shall either pay the $5.00 filing fee or a completed application to proceed in forma pauperis. Reasonable extensions of these deadlines will be allowed upon a showing of good cause.

The Clerk shall REOPEN the file and VACATE the Order of Dismissal and Judgment. The Clerk shall serve a copy of this order on the Federal Public Defender's Office, as well as on Petitioner.

IT IS SO ORDERED.

DATED: March 6, 2015

JEFFREY S. WHITE
United States District Judge