UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDENCIO MALDONADO,<br><br>        Petitioner,<br><br>   v.<br><br>DANIEL PARAMO,<br><br>        Respondent. | Case No. 14-cv-01920-JSW<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND DIRECTING PARTIES TO MEET AND CONFER RE DEVELOPMENT OF FACTUAL RECORD**<br><br>Re: Docket No. 18 |

Now before the Court for consideration is the motion to dismiss, filed by Respondent, Warden Daniel Paramo ("Paramo"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. The Court HEREBY DENIES, WITHOUT PREJUDICE, Paramo's motion.

**BACKGROUND**

The Court shall provide a brief summary of the facts pertinent to the motion. On March 26, 2007, Maldonado was convicted in the Superior Court of the State of California for the County of Santa Clara ("Superior Court") of five counts of lewd or lascivious acts on a child by force, violence, duress, menace or fear, in violation of California Penal Code section 288(b)(1). (Respondent's Exhibit ("RX") 1.) On May 7, 2007, Maldonado was sentenced to a term of 40 years imprisonment. (RX Ex. 2; RX 11.) It is undisputed that Maldonado did not timely appeal his sentence. However, with the assistance of his former cellmate, Carlos Brocatto, between March 16, 2012 and January 16, 2014, Maldonado filed several motions with the state court as well as three state habeas petitions. (RX 5, 7-8, 11.) Maldonado, again with Brocatto's assistance, filed the Petition in this case on April 25, 2014.

The Court previously dismissed the Petition for failure to pay the filing fee or to submit an

application to proceed *in forma pauperis.* However, on March 6, 2015, the Court granted a motion for reconsideration, directed that counsel be appointed, and re-opened the case. The Court's ruling was based, in part, on Brocatto's representations about Maldonado's mental status and Brocatto's representations that he had been transferred to a different prison and had been unable to assist Maldonado. (Docket No. 10, Order Granting Motion for Reconsideration at 2:21-3:12.)

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

Paramo moves to dismiss Maldonado's Petition on the basis that it is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). That time begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

The Supreme Court has determined that the doctrine of equitable tolling applies to AEDPA's statute of limitations. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *accord Forbess v. Franke*, 749 F.3d 837, 839 (9th Cir. 2014).

Maldonado does not dispute that he failed to file his federal petition within AEDPA's one-year limitation period. Rather he argues that the doctrine of equitable tolling applies, based on alleged mental impairments. The Ninth Circuit has adopted a two-part test to evaluate whether a petitioner is entitled to equitably tolling on the basis of a mental impairment. *Forbess*, 749 F.3d at 840 (citing *Bills v. Clark*, 628 F.3d at 1092, 1093 (9th Cir. 2010)). The Court shall refer to this test as the "*Bills* test."

> *First*, a petitioner must show that his mental impairment was an 'extraordinary circumstance' beyond his control … by demonstrating the impairment was so severe that either
>
>> (a) petitioner was unable to rationally or factually to personally understand the need to timely file, or
>>
>> (b) petitioner's mental state rendered him personally unable to prepare a habeas petition and effectuate its filing.
>
> *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills*, 628 F.3d at 1099-1100 (citations and footnote omitted, emphasis in original).

The *Bills* court then explained that, in practice, a court must

> (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements.

*Id.* at 1100-1101. The *Bills* court also held that "[t]he 'totality of the circumstances' inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay," and that a petitioner can demonstrate the necessary diligence by showing that he "diligently [sought] assistance and exploit[ed] whatever assistance [was] reasonably available." *Id.* at 1100-1101.

The Ninth Circuit also has made clear that a petitioner is not always entitled to an evidentiary hearing to determine whether equitable tolling applies. *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). "Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record[.]" *Id.* (citing *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).

At this stage in the proceedings, the record on the existence and nature of Maldonado's alleged mental impairment is sparse. Brocatto has stated in both the federal and state petitions that Maldonado's mental capacity is akin to that of a ten year old child, he has a low understanding of

1  what he did and the length of his prison term, and did not understand the nature of the plea
2  proceedings.  (*See*, *e.g.,* Docket No. 1, Petition at 12; RX 8 at p. 6.)  Each of Maldonado's state
3  petitions was signed under penalty of perjury, as is his federal Petition.  Paramo has not submitted
4  any evidence to contradict Brocatto's statements.  Rather, he points the Superior Court opinion
5  denying Maldonado's initial state petition, which states, *inter alia*, that "the file contains no
6  evidence which indicates [Maldonado] was incompetent to stand trial at any point during the
7  pendency of his criminal proceedings.  [Maldonado] was interviewed by police and the probation
8  department and none of those individuals expressed a concern for [Maldonado's] intellectual
9  ability or capacity to understand the nature of the criminal proceedings."  (RX 1, Order at 3:6-13.)
10 Those findings, however, refer to Maldonado's alleged mental impairments at the time he entered
11 his guilty plea and do not address Maldonado's mental state during the AEDPA limitations period.
12         On this record, the Court cannot find that, as a matter of law, Maldonado is not entitled to
13 equitable tolling.  *See, e.g., Chick v. Chavez*, 518 Fed. Appx. 567, 569 (9th Cir. 2013) (remanding
14 for development of record where existing record included statements from petitioner's jailhouse
15 lawyer and there was no medical evidence in the record); *Laws*, 351 F.3d at 924 ("Of course, a
16 petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified
17 *should countervailing evidence be introduced*.") (emphasis added).
18         Accordingly, the Court DENIES Paramo's motion to dismiss.  This ruling, however, is
19 without prejudice to Paramo renewing his motion after the record has been developed.  *See, e.g.,*
20 Rules 6 and 7 of the Rules Governing Section 2254 Petitions in Federal Courts.[1]
21 //
22 //
23 //
24 //
25 //
26 //

---

[1] The parties should not construe this Order as finding that an evidentiary hearing *will* be required to resolve a renewed motion.

1  The parties are HEREBY ORDERED to meet and confer and to submit a joint status report to the Court by no later than February 5, 2016, setting forth the nature of the materials to be submitted as an expansion of the record, any discovery that may be required, and a proposed briefing schedule for any renewed motion to dismiss or, in the alternative, on the merits of the Petition.

**IT IS SO ORDERED.**

Dated: December 18, 2015

_____
JEFFREY S. WHITE
United States District Judge